IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MASOUD SOROUSH | : | CIVIL ACTION |
| | : | NO. 09-3703 |
| v. | : | |
| | : | |
| TYRON B. ALI, et al. | : | |
| | : | |
| O'NEILL, J | : | OCTOBER 28, 2009 |

MEMORANDUM

Plaintiff brought claims against defendants alleging fraud and breach of contract arising out of a series of loans made by plaintiff to defendant. Presently before me is defendants' motion to stay these proceedings until the pending criminal investigation of the underlying events has been completed. For the following reasons I will deny the motion.

I.   BACKGROUND

Defendant Tyron Ali is the owner and chief executive officer of American Minority Credit Counseling Association. Ali represented American to be an organization dedicated to helping individuals who had defaulted on their home mortgages restructure their mortgages and thereby remain in their homes. Ali solicited plaintiff to lend money to American. Plaintiff made four loans totaling $311,120.06. The loan agreements obligated American and Ali to repay those loans within three months. Initially, Ali and American failed to make any of the required payments. After repeated demands by plaintiff, defendants paid $8,000.00 but are in default for the remainder. Plaintiff alleges that American is not a legitimate company but merely an alter-ego of Ali used for the purpose of defrauding plaintiff.

In addition to this civil lawsuit, defendants are presently being investigated by a Pennsylvania grand jury for criminal violations arising out of the same conduct. Both defendants

have been subpoenaed to produce American's business records and Ali has been subpoenaed to provide testimony. Ali avers that he will raise his Fifth Amendment privilege against self-incrimination and refuse to testify before the grand jury. Neither defendant is currently under indictment in connection with these activities.[1]

II.   DISCUSSION

Defendants urge that I stay these civil proceedings until the parallel criminal investigation of the same conduct has been completed. "It is within the discretion of [the District Court] to grant a stay when justice so requires." State Farm Mutual Automobile Ins. Co. v. Beckham-Easley, No. 01-5530, 2002 WL 31111766 at *1 (E.D. Pa. Sept. 18, 2002). However, a stay is an extraordinary remedy and the party seeking the stay bears the burden of establishing its necessity. Landis v. North American Co., 299 U.S. 248, 255 (1936); United States v. Breyer, 41 F.3d 884, 893 (3d Cir. 1994). When considering whether to grant a stay, District Courts ordinarily consider six factors: "(1) the extent to which the issues in the criminal and civil cases overlap; (2) the status of the [criminal proceedings], including whether the defendants have been indicted; (3) the plaintiff's interest in proceeding expeditiously weighed against the prejudice to the plaintiff caused by a delay; (4) the private interests of and burden on the defendants; (5) the interest of the court; and (6) the public interest." State Farm, 2002 WL 31111766 at *1, citing Walsh Securities, Inc. v. Cristo Property Management, LTD., 7 F. Supp. 2d 523, 527 (D.N.J. 1998) and

---

[1] However, defendant Ali asserts that he "has a pending criminal case pending [sic] in the Dauphin County Court of Common Pleas in Pennsylvania arising from [allegations unrelated to this case]."

Golden Quality Ice Cream Co. v. Deerfield Specialty Papers, 87 F.R.D. 53, 56 (E.D. Pa. 1980).[2] I will consider each in turn.

      A.      The Extent to which the Issues in the Criminal and Civil Cases Overlap

The extent to which the issues in the criminal and civil cases overlap is the most important factor in determining whether to grant a stay. Reyes v. Freebery, No. 02-1283, 2004 WL 1737683 at *3 (D. Del. July 30, 2004), citing Walsh Securities, Inc., 7 F. Supp. 2d at 527. "The strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil action involving the same matter." Id., quoting Javier H. v. Garcia Botello, 218 F.R.D. 72, 75 (W.D.N.Y. 2003).

  In State Farm, the Court considered whether to grant a stay under circumstances similar to those presently at issue. 2002 WL 31111766 at *2. The defendants had not been indicted but they had received target letters from the grand jury. Id. Importantly, the defendants had not yet filed an answer to the complaint in the pending civil matter. Id. The Court held that without an indictment to define the parameters of the criminal case and an answer to define the parameters of the parallel civil case it was unable to determine the degree of overlap between the two proceedings. Id. It therefore found that the first factor militated in favor of denying the stay. Id.

In the present case, neither defendant has been indicted so there are no readily-definable criminal proceedings. Defendants have also not yet filed an answer to plaintiff's complaint. Because it is impossible for me to determine the degree of overlap between the two proceedings,

---

[2] In Golden Quality Ice Cream Co., Judge Pollak's articulation of the relevant factors differs slightly from that of subsequent cases. The difference, however, is substantively insignificant.

I find that the first and most important factor weighs in favor of denying the stay.

    B.    The Status of the Criminal Proceedings

In examining this factor, the critical question is whether an indictment has been returned against defendants. State Farm, 2002 WL 31111766 at *2; Reyes, 2004 WL 1737683 at *4. While under indictment, the potential for self-incrimination by a defendant is greatest. Additionally, the right to a speedy trial reduces the potential for a long delay and in turn the resulting prejudice to the civil plaintiff. Id. On the other hand, during the pre-indictment stage the concern over self-incrimination is reduced. Id., citing Walsh Securities, Inc., 7 F. Supp. 2d at 527. Additionally, the Speedy Trial Act is inapplicable until an individual is indicted so a criminal investigation could potentially continue indefinitely. Id. The State Farm Court held that where an indictment had not been returned, this factor weighs in favor of denying the stay. I agree with the Court's reasoning and hold that because an indictment has not been returned in this case this factor weighs in favor of denying the stay.

    C.    The Plaintiff's Interest in Proceeding Expeditiously Weighed Against the Prejudice to Plaintiff Caused by a Delay

Courts have insisted that "a plaintiff establish more prejudice than simply a delay in his right to expeditiously pursue his claim." Reyes, 2004 WL 1737683 at *4. Courts have also noted, however, that "it would be perverse if plaintiffs who claim to be victims of criminal activity were to receive slower justice than other plaintiffs because the behavior they allege is sufficiently egregious to have attracted the attention of the criminal authorities." State Farm, 2002 WL 31111766 at *3, quoting Sterling National Bank v. A-1 Hotels Int'l, Inc., 175 F. Supp. 2d 573, 575 (2d Cir. 2001).

Plaintiff claims he will be prejudiced in three ways if I grant a stay. First, he argues that his ability to collect a judgment will be impaired if the case were stayed because defendant would have more time to hide or spend the money. The State Farm Court recognized that "dissipation of assets during a stay [is] a substantial burden for plaintiffs." Id. The allegations in the present case intensify this concern because, accepting plaintiff's allegations as true, defendants have shown some proclivity for fraudulently misusing money. Second, plaintiff argues that he will need to find and depose the individuals whose mortgages were allegedly being bought by defendants. He will need access to defendants' documents in order to identify those individuals. I find that a delay would impede plaintiff's ability to collect the necessary information. Finally, plaintiff argues that a delay may cause evidence to be lost or destroyed. Plaintiff's argument might be less persuasive if criminal proceedings were imminent. In that case, most relevant evidence would be protected and preserved by the authorities conducting the criminal investigation. Presently, however, there is no indication if or when criminal proceedings will be instituted. Accordingly, I find that plaintiff could be prejudiced by the spoilation of evidence.

For all three reasons proffered by plaintiff, I find that plaintiff's interest in proceeding expeditiously is significant and plaintiff would be prejudiced by a delay. Thus, this factor weighs in favor of denying the stay.

    D.    The Private Interests of and Burdens on the Defendants

Defendants will clearly be burdened by having to defend parallel lawsuits. Where an individual is subject both to criminal prosecution and to a civil lawsuit arising out of the same facts "he faces the difficult choice of asserting his Fifth Amendment rights at the risk of losing the civil trial, or waiving these rights to defend himself in civil proceedings at the risk of

incriminating himself."  State Farm, 2002 WL 3111176 at *3.  However, because of the plethora of other interests at issue in any litigation defendants are often required to make this Gordian decision.  Indeed, the Supreme Court has held that there is nothing unconstitutional about placing a defendant in such a position.  Baxter v. Palmigiano, 425 U.S. 308, 318-19 (1976).

In the present case, the threat of criminal proceedings is merely speculative.  Defendants may not have to make the difficult decisions that they anticipate.  Although I recognize that defendants at some point may be burdened by defending parallel proceedings, they are not now so burdened.  Thus, this factor weighs in favor of denying the stay.

      E.      The Interest of the Court

The Court has an interest in the efficient management of its docket.  To stay a case in anticipation of a parallel criminal proceeding that may or may not be initiated jeopardizes this interest.  "Courts must be mindful that a policy of issuing stays solely because a litigant is defending simultaneous lawsuits would threaten to become a constant source of delay and an interference with judicial administration."  United States v. Private Sanitation Industry Ass'n of Nassau/Suffolk, Inc., 811 F. Supp. 802, 808 (E.D.N.Y. 1992), internal quotations omitted.  Defendants argue that allowing the criminal case to proceed first would be most efficient because many legal and factual issues in this case will be resolved and therefore will not need to be re-litigated civilly.  Other Courts have rejected such an argument where defendants are not under indictment and there is no clear timetable for the initiation of criminal proceedings.  Simon Property Group, Inc. v. Palombaro, No. 08-1634, 2009 WL 840245 at *2-*3 (W.D. Pa. March 30, 2009); State Farm, 2002 WL 3111176 at *3.  I will do the same.  This factor weighs in favor of denying the stay.

F.	The Public Interest

The public also has an interest in "the prompt resolution of civil disputes and in not allowing those being investigated for criminal wrongdoing to avoid their civil obligations." Simon Property Group, 2009 WL 840245 at *2. Defendants argue, however, that "[t]he public's interest in the integrity of [a] criminal case is entitled to precedence over the civil litigant." Reyes, 2004 WL 1737683 at *6. I find this argument to be unpersuasive because there is no criminal case as of yet. Therefore, the Reyes Court's logic is inapplicable to this case.

On the other hand, the public's interests in prompt resolution of civil disputes and in holding accountable those who defraud others remain strong. Thus, I find this factor weighs in favor of denying the stay.

III.	CONCLUSION

After considering all the relevant interests, I find that the "extraordinary remedy" of a stay is not necessary in this case. The interests of plaintiff, the public and this Court in proceeding expeditiously with the litigation outweigh defendants' interest in staying the proceeding. For the foregoing reasons, then, I will deny defendants' motion.

An appropriate Order follows.